UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RODERICK S. REUTER, <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES LIMITED PARTNERSHIP, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 5:19-cv-00739 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes RODERICK S. REUTER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GC SERVICES LIMITED PARTNERSHIP ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.  Plaintiff is a consumer over 18 years-of-age, residing in San Antonio, Texas, which lies within the Western District of Texas.

5.  Defendant promotes that it provides "third party collections and skiptracing"[1] services to its clients. Defendant is a limited partnership organized under the laws of the state of Delaware with its principal place of business located at 6330 Gulfon Street, Houston, Texas 77081-1108.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.  The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") Plaintiff purportedly owes to Sprint Corporation ("Sprint") for personal telecommunication services.

8.  Around late March of 2019, Plaintiff received a collection letter from Defendant attempting to collect upon the subject debt.

9.  Plaintiff did not recognize the subject debt and he subsequently contacted Defendant to dispute the validity of the subject debt.

10. Defendant assured Plaintiff that it would investigate the validity of the subject debt and that it would not report it on his consumer reports during its investigation.

---

[1] https://gcservices.marketing/

11. Contrary to the guarantee Defendant provided to Plaintiff, Defendant reported the subject debt on his consumer report(s) without concluding its investigation.

12. Moreover, despite Plaintiff disputing the validity of the subject debt since Defendant began its collection campaign, Defendant failed to communicate that the subject debt was disputed on at least one of Plaintiff's consumer reports.

13. Accordingly, Plaintiff spoke with Sulaiman regarding his rights, resulting in pecuniary loss and expenditure of resources.

14. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, and a negative impact on his consumer report(s).

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff repeats and realleges paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

17. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

18. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1985.[2]

19. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692e**

---

[2] https://www.acainternational.org/search#memberdirectory

3

20. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

21. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

22. Defendant violated §1692e, e(8), and e(10) when it failed to report the subject debt as disputed on at least one of Plaintiff's consumer reports. Plaintiff has continuously disputed the validity of the subject debt to Defendant since it began its collection campaign. Nevertheless, Defendant failed communicate that Plaintiff continued to dispute the validity of the subject debt on at least one of his consumer reports.

23. Defendant also violated §1692e and e(10) by employing deceptive means to collect upon the subject debt. Upon information and belief, Defendant began collection upon the subject debt when it mailed a collection letter to Plaintiff around late March of 2019. Not recognizing the subject debt, Plaintiff contacted Defendant and disputed its validity. Thereafter, Defendant assured Plaintiff that the subject debt would not be reported on his consumer reports while it investigated the validity of the subject debt. However, Defendant proceeded to report the subject debt on Plaintiff's consumer report(s) before its investigation was concluded. Any reasonable fact finder will conclude that Defendant's false guarantees have the material effect on consumers of causing them to waive their rights under 15 U.S.C. §1692g(b).

b.  **Violations of FDCPA § 1692f**

24. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

25. Defendant violated 15 U.S.C. §1692f when it unfairly attempted to collect upon the subject debt. Specifically, it was unfair for Defendant to harm Plaintiff by reporting a disputed debt before an investigation into its validity was concluded.

WHEREFORE, Plaintiff, RODERICK S. REUTER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

28. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

29. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

30. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt . . . ." The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

31. Defendant violated the TDCA by falsely asserting that it would not report the subject debt on Plaintiff's consumers reports. Despite Defendant's assurances, Defendant acted contrary to its promise to Plaintiff, thus causing harm to Plaintiff.

WHEREFORE, Plaintiff, RODERICK S. REUTER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 24, 2019                                    Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                 *Counsel for Plaintiff*
Admitted in the Western District of Texas               Admitted in the Western District of Texas

Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 568-3056 (phone)  
(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com

Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 581-5858 (phone)  
(630) 575-8188 (fax)  
thatz@sulaimanlaw.com